

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PRESTON PLEVRETES, an Incapacitated Person, by and through THEODORE and TAMMY PLEVRETES as Parents and Legal Co-Guardians of the Person and Estate of PRESTON PLEVRETES | : : : : : : : : : | CIVIL ACTION |
| v. | : : | |
| LA SALLE UNIVERSITY, et al. | : | NO. 07-5186 |

FILED
DEC 19 2007
MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

MEMORANDUM AND ORDER

McLaughlin, J.                                          December 19, 2007

This is a personal injury action, originally filed in Pennsylvania state court and removed to this Court on the basis of diversity jurisdiction. The plaintiff has filed a timely motion to remand, arguing that the removal was defective because several of the defendants are Pennsylvania citizens and because not all defendants consented to removal. For the reasons below, the Court will grant the motion.

According to the complaint, plaintiff Preston Plevretes suffered a severe brain injury on November 5, 2005, while playing on the La Salle University football team. The injury occurred at an away game against Duquesne University in Pittsburgh. Plevretes alleges that the severity of this injury was caused, or at least aggravated, by an earlier concussion he suffered during a prior game on October 4, 2005. Compl. ¶¶ 37, 83.

Plevretes has named as defendants La Salle University and several of its departments and employees, alleging, *inter alia*, that they failed to properly diagnose, evaluate, and treat his prior concussion and improperly allowed him to continue to play football and failed to warn him of the risks of playing. Plevretes has also named as defendants Duquesne University, its head football coach, and two of its players (collectively "the Duquesne defendants"), alleging, *inter alia*, that the manner in which Plevretes was tackled on November 5, 2007, was negligent.

Plevretes, by and through his parents as guardians, filed this action in the Court of Common Pleas of Philadelphia County on November 2, 2007. Defendant Jermaine Venable, one of the Duquesne players, filed a notice of removal on December 7, 2007, thirty days after he alleges he was served with the complaint. The notice was filed only by Venable and contained no explanation as to why the other named defendants had not joined in the removal. The basis for removal was diversity. The notice of removal alleges that the plaintiff and his parents are residents of New Jersey; that Venable is a resident of Maryland; and that the remaining defendants are all residents of Pennsylvania.

On December 10, 2007, the Court, *sua sponte*, issued an order for Venable to show cause why the case should not be remanded, questioning whether removal was proper under 28 U.S.C.

§ 1441(b).  Section 1441(b) requires that any action, other than one brought under federal law, "shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."

Also on December 10, 2007, the plaintiff filed a motion to remand, arguing both that the case was non-removable under 28 U.S.C. § 1441(b) and that Venable had failed to obtain unanimous consent to removal from those defendants who had been served with the complaint prior to the filing of the notice of removal.  See Lewis v. Rego Co., 757 F.2d 66, 68-69 (3d Cir. 1985) (construing 28 U.S.C. § 1446 as requiring all defendants who have been served to consent to the removal petition).

Venable filed an opposition to the motion to remand on December 12, 2007.  That same day, he also filed a motion to sever the plaintiff's claims against the Duquesne defendants and transfer them to the United States District Court for the Western District of Pennsylvania.  On December 18, 2007, the other Duquesne defendants filed a similar motion to sever and transfer venue.

In his opposition to the motion to remand, Venable concedes that all of the other defendants are citizens of Pennsylvania and that therefore this case is not removable under 28 U.S.C. § 1441(b).  Venable also concedes that several of the

other defendants had been served with the complaint prior to his filing the notice of removal, but that he did not obtain their consent before removing the case.  Venable nonetheless argues that these admitted defects in his removal papers do not require that the case be remanded because they are both "waivable procedural defect[s] rather than jurisdictional defect[s]."  Opp. at 4.

Venable is correct that both his failure to comply with § 1441(b) and his failure to obtain the other defendants' consent are not jurisdictional defects and are both therefore waivable.  An "'irregularity in [the] removal of a case to federal court is to be considered 'jurisdictional' only if the case could not initially have been filed in federal court.'"  Ariel Land Owners, Inc. v. Dring, 351 F.3d 611 (3d Cir. 2003) (quoting Korea Exchange Bank v. Trackwise Sales Corp., 66 F.3d 46, 50 (3d Cir. 1995)).  Here, because there is complete diversity between the plaintiff and the defendants and the amount in controversy is greater than $75,000, the plaintiff could originally have brought this suit in federal court under diversity jurisdiction, and the defects in the removal are therefore non-jurisdictional.  Because the defects are non-jurisdictional, any objections to them may be waived if not raised "within 30 days after the filing of the notice of removal."  28 U.S.C. § 1447(c); see also In re FMC Corp. Packaging Sys. Div., 208 F.3d 445, 451 (3d Cir. 2000).

The conspicuous flaw in Venable's argument, however, is that, although both of these defects are waivable, neither of them has been waived. The plaintiff raised both the impropriety of removal under 28 U.S.C. § 1441(b) and the lack of consent by the other defendants in its motion to remand, and that motion was filed well within the 30-day deadline set by § 1447(c) for raising non-jurisdictional objections.

Because the plaintiff raised these objections to removal in a timely motion to remand, and because Venable does not contest their substance, the Court will order this case remanded. Having found that this case was improperly removed, the Court lacks jurisdiction to decide the two pending motions to sever and transfer venue, and the Court will therefore deny those motions as moot.

In its motion to remand, the plaintiff seeks an award of the costs and fees incurred in responding to Venable's improper removal, as permitted by 28 U.S.C. § 1447(c). Section 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The decision to award costs and expenses is left to the discretion of the court and does not require a finding of bad faith on the part of the removing party. Mints v. Educ. Testing Serv., 99 F.3d 1253, 1260 (3d Cir. 1996).

Whether to award attorneys fees turns on the reasonableness of the defendant's decision to remove: "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. . . . [W]hen an objectively reasonable basis exists, fees should be denied." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005); see also Roxbury Condo. Assoc., Inc. v. Anthony S. Cupo Agency, 316 F.3d 244 (3d Cir. 2003) (reversing an award of attorneys fees where the appellate court found the defendant made a "colorable removal claim in an area of unsettled law"); Mints, 99 F.3d at 1261 (upholding an award of attorneys fees where there was "no colorable basis for the removal").

The Court finds that an award of costs and fees to the plaintiff to be appropriate here because Venable lacked an objectively reasonable basis for filing his notice of removal. Venable was aware, at the time he filed the notice, that the other defendants were all citizens of Pennsylvania. See Notice of Removal at ¶¶ 6-13. Removal on the basis of diversity was therefore expressly prohibited by 28 U.S.C. § 1441(b). Venable's notice was also facially defective because it contained no explanation as to why the other defendants had not joined in the removal. Lewis, 757 F.2d at 68.

The fact that both these defects were waivable does not provide an objectively reasonable basis for Venable to have filed a notice of removal. It is not objectively reasonable to remove a case that is not removable under the terms of the removal statutes on the chance that this defect will be overlooked by one's opponent. It is also not objectively reasonable, once those defects have been spotted and raised in a timely motion to remand, to file an opposition to remand that offers no substantive response and no explanation or excuse for the failure to comply with the requirements for removal.

In ordering that the plaintiff be reimbursed for costs and expenses, the Court will direct that this reimbursement be made by defendant Venable's counsel. The lack of an objectively reasonable basis for removing this case was a legal error which is the responsibility of Mr. Venable's attorneys, not of their client.

An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PRESTON PLEVRETES, an Incapacitated Person, by and through THEODORE and TAMMY PLEVRETES as Parents and Legal Co-Guardians of the Person and Estate of PRESTON PLEVRETES | : : : : : : : | CIVIL ACTION  FILED  DEC 19 2007  MICHAEL E. KUNZ, Clerk By_____ Dep. Clerk |
| v. | : : | |
| LA SALLE UNIVERSITY, et al. | : | NO. 07-5186 |

## ORDER

AND NOW, this 19th day of December, 2007, upon consideration of the Motion to Remand of Plaintiff Preston Plevretes (Docket No. 2), the Motion to Sever and Transfer Venue of Defendant Jermaine Venable (Docket No. 4), and the Motion to Sever and to Transfer Venue of Defendants Duquesne University, Jerry Schmitt, and Duquesne University Football Player Wearing #66 (Docket No. 8), and any responses thereto, IT IS HEREBY ORDERED for the reasons set forth in the accompanying Memorandum of Law that:

1) The plaintiff's Motion to Remand (Docket No. 2) is GRANTED and this case shall be REMANDED to the Court of Common Pleas of Philadelphia County.

2) The Motion to Sever and to Transfer Venue of Defendant Jermaine Venable (Docket No. 4) is DENIED as MOOT.

3) The Motion to Sever and Rule 12(b)(3) Motion to Transfer Venue of Defendants Duquesne University, Jerry Schmitt,

and Duquesne University Football Player Wearing #66 (Docket No. 8) is DENIED as MOOT.

    4)    Counsel for defendant Jermaine Venable shall pay the just costs and actual expenses, including reasonable attorneys fees, incurred by the plaintiff as a result of the removal of this action pursuant to 28 U.S.C. § 1447(c).

    5)    The plaintiff shall file a bill of costs and expenses reasonably incurred as a result of the removal within ten (10) days of this Order.

BY THE COURT:

_____
MARY A. McLAUGHLIN, J.

e-mail:
M. Trunk
J. Connor
B. Casel
S. Specter